**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Raul MARRERO, Defendant–Appellant.**

**No. 02–4006.**

United States Court of Appeals,
Sixth Circuit.

June 23, 2003.

Before: DAUGHTREY and ROGERS, Circuit Judges; and QUIST, District Judge.*

### ORDER

This is a direct appeal from a judgment in a criminal prosecution in which counsel for the defendant moves to withdraw representation. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2001, a federal grand jury indicted Raul Marrero for his role in a Cleveland-area heroin distribution scheme. The district court eventually accepted Marrero's guilty plea to a second superseding indictment and found Marrero guilty of one

---

* The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

count of conspiracy to possess with intent to distribute heroin, in violation of 21 U.S.C. § 846. The court sentenced Marrero to a 175–month term of incarceration and a six year period of supervised release. This appeal followed.

Counsel for Marrero filed a motion to withdraw from this appeal and a "no merit" brief pursuant to Rule 101(f), Rules of the Sixth Circuit and *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Marrero was served with the motion and brief and was invited to respond, but he has chosen not to do so.

Marrero was arrested in 2001 and charged with federal drug trafficking offenses. These charges ultimately resulted in Marrero being indicted on June 18, 2002, for conspiring to possess heroin with intent to distribute. In addition, the indictment carried with it an enhanced penalty specification under 21 U.S.C. § 851 in which Marrero was alleged to have three prior Ohio state felony drug convictions, the earliest being a June 10, 1994, conviction for drug trafficking. The United States Attorney filed an information on August 6, 2002, in which counsel notified Marrero that they intended to use the 1994 felony conviction to support a sentence enhancement under 21 U.S.C. § 851(b).

Marrero entered into a plea agreement the same day that the United States Attorney filed the § 851(b) notice. The parties agreed, in relevant part, that Marrero was responsible for less than 100 grams of heroin, a crime normally carrying with it a maximum prison term of twenty years. The parties acknowledged, however, that Marrero's maximum possible prison exposure was, in fact, thirty years, and a six year term of supervised release, in recognition of the § 851(b) enhancement. The United States Attorney committed to informing the court of Marrero's eligibility for a reduction in his base offense level based on his acceptance of responsibility and to recommending that Marrero's base offense level should not be enhanced for his role in the offense. Finally, Marrero agreed to waive his right to a direct appeal regarding "entry of judgment against defendant and imposition of sentence," if sentenced as contemplated by the plea agreement, as well as his right to raise any collateral challenges in the future.

The parties appeared before the district court for the formal plea colloquy of Fed. R.Crim.P. 11 on the day the agreement was entered. The court satisfied itself that Marrero was capable of offering the plea and that Marrero understood the constitutional protections he would be forfeiting by pleading guilty. The court then asked the United States Attorney to read into the record the terms of the plea agreement. Counsel accurately summarized the terms of the agreement, including the sentencing enhancement Marrero would face owing to his prior Ohio felony drug conviction. The district court did not elaborate on the specific terms of the agreement. The court instead solicited from Marrero his acknowledgment that the summary of the agreement was accurate and that he understood the terms. Marrero formally pleaded guilty to the § 846 charge and the court accepted the plea. The matter was set over for sentencing to insure the accuracy of the presentence report that had been prepared prior to the Rule 11 colloquy.

The parties met for sentencing nine days later. Marrero and his counsel agreed that the presentence report was accurate and the district court observed that the initial calculation of Marrero's sentence range in the report was 263–327

months. The government noted for the court that Marrero was probably entitled to a five-level downward adjustment in his base offense level, bringing his guideline range to 151–188 months. The court agreed with this recommendation, permitted Marrero to speak and sentenced Marrero to a 175–month term of imprisonment with a six year period of supervised release.

Marrero received new counsel on appeal and she sets forth two arguable issues for this court's review. Counsel argues that Marrero's trial counsel may have been constitutionally ineffective and that this claim survives Marrero's waiver of his direct appeal rights. Counsel acknowledges that these claims are meritless.

Counsel's assessment of this appeal is borne out by the record and law. Her chief contention is that neither the district court nor Marrero's trial counsel spread on the record an explanation of 21 U.S.C. § 851. Counsel is correct in noting that the district court is charged by statute with inquiring of a defendant who has been served with a § 851 enhancement notice whether he affirms or denies the accuracy of the "prior drug conviction" accusation. The court is to make this inquiry before sentence so that the defendant may have a chance to dispute the fact or constitutionality of the prior conviction. 21 U.S.C. § 851(b), (c). In addition, defense counsel is generally required to explain possible guideline sentencing enhancements to the defendant. *See, e.g., United States v. Williams,* 176 F.3d 301, 310 (6th Cir.1999). The record does not reflect any such explanation of § 851 to Marrero by defense counsel. Counsel goes on to argue that these possible errors, or examples of ineffective counsel, should not be considered waived.

The core of the argument raised by counsel for Marrero is baseless. First, the law in this circuit is clear that, "[a]s a general rule, a defendant may not raise ineffective assistance of counsel claims for the first time on direct appeal, since there has not been an opportunity to develop and include in the record evidence bearing on the merits of the allegations." *United States v. Wunder,* 919 F.2d 34, 37 (6th Cir.1990). In addition, Marrero would have been precluded by statute from challenging the validity of his 1994 Ohio felony drug conviction in his 2002 proceedings. 21 U.S.C. § 851(e) (five-year limitation on challenging validity of prior convictions used in this section). The court's failure to inquire of Marrero as to the fact or constitutionality of his 1994 prior conviction, when Marrero clearly could not have raised any meaningful challenge to this prior conviction, is harmless error in the Sixth Circuit. *United States v. Hill,* 142 F.3d 305, 313 (6th Cir.1998). There are no other errors alleged or apparent. Marrero admitted his guilt, he received a substantial sentencing benefit owing to his plea agreement, and he has not filed any indication to the contrary with this court. This appeal lacks merit.

Accordingly, the motion to withdraw representation is granted and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.